# EXHIBIT "B"

NO. 2013-20983

| | | |
|---|---|---|
| GRACY VILLALOBOS, INDIVIDUALLY AND A/N/F EMMANUEL VILLALOBOS, A MINOR and PAULA CANTU | § § § § § | IN THE DISTRICT COURT OF |
| V. | § § | HARRIS COUNTY, TEXAS |
| JOEY STAPLETON and S & J POTASNICK TRANSPORTATION, INC. D/B/A PTI POTASNICK TRANSPORTATION INC. | § § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION
## WITH JURY DEMAND AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, GRACY VILLALOBOS, INDIVIDUALLY AND A/N/F EMMANUEL VILLALOBOS, A MINOR and PAULA CANTU, Plaintiffs in the above entitled and numbered cause, complaining of and against JOEY STAPLETON and S & J POTASNICK TRANSPORTATION, INC. D/B/A PTI POTASNICK TRANSPORTATION INC., Defendants herein, and for causes of action would respectfully show unto the Court the following:

I.

Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiffs requests a Level 3 discovery control plan.

II.

Plaintiffs are residents of Harris County, Texas.

1

Defendant, JOEY STAPLETON, , is an individual residing in the State of Tennessee, who, pursuant to the provisions of Section 17.061, et seq., Texas Civil Practice and Remedies Code, and §17.041, et seq., the Texas Long-Arm Statute, may be served by and through the Texas Transportation Commission, 125 East 11th Street, Austin, Texas 78701-2483, via certified mail, return receipt requested, who shall then forward the citation and petition to Defendant, Joey Stapleton, 92 Moore rd., Jackson, TN 38301.

Defendant S & J POTASNICK TRANSPORTATION, INC. D/B/A PTI POTASNICK TRANSPORTATION INC. is an entity doing business in Harris County, Texas and pursuant to the provisions of Section 17.061, et seq., Texas Civil Practice and Remedies Code, and §17.041, et seq., the Texas Long-Arm Statute, may be served by and through the Secretary of State, who shall then forward the Original Petition and Citation to Defendant, S & J POTASNICK TRANSPORTATION, INC. D/B/A PTI POTASNICK TRANSPORTATION INC. addressed to serve with process herein by serving any officer of S & J POTASNICK TRANSPORTATION, INC. D/B/A PTI POTASNICK TRANSPORTATION INC., at 411 Lynual Street, Sikeston, MO 63801.

III.

Venue is proper in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.001 et seq. because all or a substantial part of the events or omissions giving rise to the claims arose in Harris County, and because Plaintiffs

2

and one or more defendants did then and do now reside in Harris County, Texas. This Court has jurisdiction over the parties and subject matter hereof

IV.

On or about March 5, 2013, Plaintiffs were involved in an accident which occurred in Houston, Harris County, Texas. At the time in question, Plaintiffs sustained serious and disabling injuries when the automobile they were in was struck by a motor vehicle which was operated by Defendant, JOEY STAPLETON and owned by Defendant, S & J POTASNICK TRANSPORTATION, INC. D/B/A PTI POTASNICK TRANSPORTATION INC.

V.

At the time of the accident made the basis of this suit, Defendant, JOEY STAPLETON was operating the aforementioned vehicle in a negligent and careless manner in the following respects which, among others, may be shown at the trial of this cause:

1. In failing to keep a proper lookout;

2. In failing to timely make application of his brakes;

3. In failing to timely swerve or otherwise maneuver his vehicle so as to avoid the collision made the basis of this suit;

4. In failing to operate the vehicle in a reasonable and prudent manner;

5. In failing to operate the vehicle in obedience to traffic laws and regulations;

6. In violation of the TEX. TRANSP CODE ANN. §545.401 *et seq.*;

3

7. Driver inattention; and

8. Turned improperly from the wrong lane.

Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident, and the injuries sustained by the Plaintiffs.

VI.

Defendant, JOEY STAPLETON, was an agent and/or servant of Defendant, S & J POTASNICK TRANSPORTATION, INC. D/B/A PTI POTASNICK TRANSPORTATION INC. As such, Defendant is responsible for the conduct of Defendant, JOEY STAPLETON due to the master-servant relationship which existed, and under the doctrine of Respondeat Superior.

Defendant, JOEY STAPLETON, was an employee, agent and/or servant of Defendant, S & J POTASNICK TRANSPORTATION, INC. D/B/A PTI POTASNICK TRANSPORTATION INC. As such, Defendant, S & J POTASNICK TRANSPORTATION, INC. D/B/A PTI POTASNICK TRANSPORTATION INC. is responsible for the conduct of Defendant, JOEY STAPLETON, among other acts and omissions of negligence which may be shown at the trial of this cause. Additionally, and without waiving any of the foregoing, said Defendant, S & J POTASNICK TRANSPORTATION, INC. D/B/A PTI POTASNICK TRANSPORTATION INC., negligently entrusted the vehicle and duties and responsibilities to Defendant, JOEY STAPLETON, because it knew and/or had reason to know that he was not a safe and prudent driver. The negligence was a

4

proximate cause of Plaintiffs' damages.

Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident, and the injuries sustained by Plaintiffs. Moreover, the negligence of Defendants, in violating the Texas Transportation Code, as described above, constitutes negligence as a matter to each Defendant.

VII.

Plaintiffs would show that nothing that they did, or failed to do, in any way contributed to this accident.

VIII.

Said elements of damage which Plaintiffs, seek to recover from the Defendants include compensation for the following:

1. The physical pain and disability sustained by Plaintiffs from date of injury to the time of trial;

2. Future physical pain and disability reasonably anticipated to be sustained by Plaintiffs in the future;

3. Mental anguish and suffering sustained by Plaintiffs from date of injury to time of trial;

4. Mental anguish and suffering which is reasonably anticipated to be suffered by Plaintiffs in the future;

5. Loss of earnings sustained by Plaintiffs from date of injury to time of trial;

6. Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiffs in the future;

7. Reasonable and necessary medical expenses incurred by Plaintiffs in the treatment of Plaintiffs' injuries from date of injury to time of trial;

8. Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiffs in the future for treatment of Plaintiffs' injuries;

9. Past and future physical disfigurement;

10. Past and future physical impairment;

11. Loss of use; and

12. Property damage.

As such, Plaintiffs affirmatively plead that they seek monetary relief over $200,000.00 but not more than $1,000,000.00.

IX.

Plaintiffs requests a jury trial.

X.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are hereby requested to disclose, within fifty (50) days of service of this document, the information or material described in the Request for Disclosures below. Please serve your responses on counsel representing this Plaintiff, and produce true and correct copies of all documents and other tangible items with your responses, in accordance with Rule 194.4.

Plaintiffs requests disclosure of the following, pursuant to Rules 194.2(a) through 194.2(l):

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of Defendant's claims or defenses;

6

(d) the amount and any method of calculating economic damages;

(e) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f) for any testifying expert:

    (1) the expert's name, address, and telephone number;

    (2) the subject matter on which the expert will testify;

    (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of Defendant, documents reflecting such information;

    (4) if the expert is retained by, employed by, or otherwise subject to the control of Defendant:

        (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B) the expert's current resume and bibliography;

(g) any discoverable indemnity and insuring agreements;

(h) any discoverable settlement agreements;

(i) any discoverable witness statements;

(j) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and

7

bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l) the name, address, and telephone number of any person who may be designated as a responsible third party.

XI..

In the alternative, Plaintiffs would show that if any injury and/or condition from which he they currently suffer were pre-existing, then such condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

XII.

In the alternative, Plaintiffs would show that if they suffer from any subsequent injury and/or condition then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

XIII.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that these Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiffs recovers from said Defendants jointly and severally, a sum over $200,000.00 but not more than $1,000,000.00, costs of Court, pre-judgment and post-judgment interest at the legal rate, and demand for judgment for all other relief to which the Plaintiffs deemed themselves entitled.

8

Respectfully submitted,

STERN LAW GROUP

_____
JEFFREY M. STERN
SBN: 19175660
4909 Bissonnet St., Suite 100
Bellaire, Texas 77401
713/661-9900
713/666-5922 Facsimile
**ATTORNEY FOR PLAINTIFFS**

9

CAUSE NO. 2013-20983

| | |
|---|---|
| GRACY VILLALOBOS, INDIVIDUALLY § <br> AND A/N/F EMMANUEL VILLALOBOS, § <br> A MINOR, and PAULA CANTU § <br> *Plaintiffs* § <br> § <br> V. § <br> § <br> JOEY STAPLETON and § <br> S & J POTASHNICK TRANSPORTATION § <br> INC. D/B/A PTI POTASHNICK § <br> TRANSPORTATION, INC. § <br> *Defendants* § | IN THE DISTRICT COURT OF <br><br><br><br><br> HARRIS COUNTY, TEXAS <br><br><br><br><br> 333RD JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANT, S & J POTASHNICK TRANSPORTATION, INC. D/B/A PTI POTASHNICK TRANSPORTATION, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, S & J POTASHNICK TRANSPORTATION, INC. D/B/A PTI POTASHNICK TRANSPORTATION, INC., (incorrectly named as S & J Potasnick Transportation, Inc. d/b/a PTI Potasnick Transportation, Inc.), and files this Original Answer in the above-referenced cause and would respectfully show the Court the following:

I.

Pursuant to Tex. R. Civ. P. 92, Defendant enters a general denial of the matters pled by Plaintiffs, demands strict proof thereof and requests that their claims be denied and dismissed in their entirety.

II.

Defendant invokes section 41.0105 of the Texas Civil Practice & Remedies Code and Defendant requests that to the extent that the Plaintiff seeks recovery of medical or healthcare expenses, that the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of the claimant. Defendant further requests the Court instruct the jury as to whether any recovery for any medical or healthcare expenses sought by the Plaintiff is limited to the amount actually paid or incurred by or on behalf of the claimant.

Defendant invokes section 18.091 of the Texas Civil Practice & Remedies Code and requests to the extent Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, that the evidence to prove such loss must be presented in the form of a net loss after a reduction for income tax payments or unpaid tax liability. Defendant further requests the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

### III.

Defendant reserves the right to amend its answer following further discovery in this cause and as allowed by Texas law.

### IV.

### JURY DEMAND

Pursuant to Tex.R.Civ.P. 216, Defendant requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant, S & J POTASHNICK TRANSPORTATION, INC. D/B/A PTI POTASHNICK TRANSPORTATION, INC., prays that Plaintiffs take nothing by this suit against this Defendant, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

LEUNES LAW FIRM, P.C.

_____
Christopher Chay LeUnes
TBA No. 00787900
12810 Telge Road, Suite 100
Cypress, Texas 77429
Tel:   832.620.2874
Fax:   866.941.4958

ATTORNEYS FOR DEFENDANT
S & J POTASHNICK TRANSPORTATION, INC.
D/B/A PTI POTASHNICK TRANSPORTATION, INC.

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the above and foregoing instrument was forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on this 14th day of May, 2013.

_____
Christopher Chay LeUnes